SILVERBLATT v. ROSENBERGER et al.

(Supreme Court, Appellate Term.   March 8, 1912.)

PARTNERSHIP (§ 37*)—ACTION FOR PRICE—PAYMENT—EVIDENCE.

   A buyer from a seller trading in a firm name, who after due notice that a third person is not a partner in the firm, pays to him by check to the order of the firm, but who does not show that the money obtained on the check was ever paid over to the seller, does not show a valid payment.

   [Ed. Note.—For other cases, see Partnership, Cent. Dig. § 52; Dec. § 37.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Louis Silverblatt, trading as Silverblatt & Michaelson, against Isidor Rosenberger and another, copartners, trading as Rosen-

berger & Co. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Horace London, for appellant.

Gallert & Heilborn, for respondents.

GUY, J. The plaintiff appeals from a judgment rendered in favor of defendants by the court acting without a jury, and from an order denying plaintiff's motion for a new trial. The action is for goods sold and delivered, and the defense payment. Defendants admit that payment was made to one Michaelson, after an express notification by plaintiff to defendants that Michaelson was not a partner, and after receipt of a letter from Michaelson, stating that payment should be made to the plaintiff. Defendants, however, allege that notwithstanding such notification and such statement from Michaelson, Michaelson was, in fact, a partner.

In support of this contention, the appellant relies upon certain bill heads and letter heads introduced in evidence, which were used by plaintiff in his business, and on certain representations made to commercial agencies and to merchants having dealings with the plaintiff, by which defendants claim plaintiff acknowledged Michaelson's interest as a partner in the firm. That these representations were sufficient to bind plaintiff in any transactions where credit was given to the firm on the strength of such representations is beyond question; but defendants do not contend that the representations in question, other than the firm bill heads and letter heads, were brought to their attention, or that they were in any sense misled or influenced thereby. They rely solely upon the contention that there was an actual existing partnership between Michaelson and the plaintiff, and that, notwithstanding any disaffirmance thereof by the plaintiff or by Michaelson, payment to Michaelson constituted a payment to the firm. The various cases cited by the respondents in favor of this view seem all to have been cases where credit was given to the alleged firm, and where the creditors sought to establish the partnership for the purpose of holding the firm liable, and do not seem to be applicable to the case at bar, in which there was no credit given to the firm, but in which goods were purchased from the firm, and the purchaser, after due notification that Michaelson was not a partner, persisted in making payment to him in utter disregard of such notification.

The payment was made in the form of a check drawn to the order of Silverblatt & Michaelson; but there is no evidence that the moneys obtained thereon by Michaelson were ever paid over to the plaintiff. Why defendants should have paid Michaelson after such notification does not appear from the record. If defendants were actuated solely by a desire to discharge their debt, it is difficult to understand why they should have paid Michaelson, rather than the plaintiff, inasmuch as payment to the plaintiff would have afforded them complete protection from further demands. The question of fact

whether there was an actual partnership between plaintiff and Michaelson has been determined by the trial justice in favor of the defendants; but the evidence does not, in my judgment, warrant such a conclusion. The contract entered into between plaintiff and Michaelson is in terms a contract of employment, and not a contract of partnership, and there is not the slightest evidence of any subsequent actual change in the relationship of the parties.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.